Where a complaint in an action for personal injuries brought in the municipal court of New York City asked judgment for $245, with interest from a stated time, and the interest, if allowed, would make the damages exceed $250 at the time when a removal to the city court was asked, the order of removal was properly given.

Appeal from municipal court, borough of Manhattan, Third district. ,

Action by Mary P. Lewis against the Metropolitan Street-Railway Company.   From an order removing the case to the city court, plaintiff appeals.   Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Lewis & Harmstad, for appellant.
H. A. Robinson, for respondent.

PER CURIAM.   In the complaint the plaintiff demands "judgment for two hundred and forty-five dollars, with interest from the 1st day of June, 1900."   The action being for personal injuries, the jury may award the interest when demanded, if it should see fit.   Its demand brought the claim beyond the sum of $250, and the order of removal is correct.   Order affirmed, with $10 costs.

---

(35 Misc. Rep. 444.)

### HOWLEY v. KRAEMER.

(Supreme Court, Special Term, New York County.   July, 1901.)

APPEAL FROM MUNICIPAL COURT—BOND—APPROVAL.

 Code Civ. Proc. § 3050, requiring an undertaking to stay an appeal on an execution on a judgment of the municipal court of New York to be approved by the justice rendering the judgment, or by a judge of the appellate court, is not affected by section 1335, providing, among other things, in relation to such an undertaking, that it need not be approved.

Action between William E. Howley and Albert Kraemer.   Application to set aside an execution issued out of the municipal court, and to vacate a levy made therein by a city marshal.   Denied.

Ferguson & Sinnott, for plaintiff.
Jones Cochrane, for defendant.

BLANCHARD, J.   This is an application to set aside an execution issued out of the municipal court of the city of New York, and to vacate a levy made thereunder by a city marshal.   It is claimed that such execution was irregularly and improperly issued, because at the time of its issuance a stay had been perfected upon the appeal to this court in accordance with the statutory enactments pertaining to this subject.   The only question here presented is whether or not the undertaking filed and copy served was a sufficient compliance with the statute.   When the undertaking was filed it had not been approved

by the justice who rendered the judgment, or by a judge of the appellate court, as is required by section 3050 of the Code of Civil Procedure, and in fact it was not approved by any one. Neither did the copy served contain any such approval. It is contended, because section 1335 of the Code of Civil Procedure is made applicable by section 3050 to such an undertaking, and because by section 1335 it is provided that "it is not necessary that the undertaking should be approved," that therefore the approval of the undertaking was unnecessary in this case. The statement in section 3050 that "section 1335 of this act applies to such an undertaking" must be held to mean that it applies so far as it is not inconsistent with what is specifically provided by section 3050. Since it is specifically provided by section 3050 that the undertaking must be approved, I must conclude that the stay was not perfected, and that the execution was properly issued. It appears, however, that within a few days thereafter the approval of the justice who rendered the judgment appealed from was obtained, but it does not appear from the papers here submitted that further proceedings were stayed by a compliance with section 3051 of the Code of Civil Procedure, by the service of a copy of the approved undertaking. When that section is complied with, the execution may be vacated upon payment to the marshal of his legal fees. The motion is denied, without costs, but an order will be made in accordance with the views herein expressed.

Motion denied, without costs.